UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

DOUGLAS R. McCARROLL,

                 Plaintiff,

    vs.                                          9:09-CV-0756

ANDERS P. PEDERSEN, Head Chaplain,
FCI Ray Brook; and REV. DOUGLAS LARGENT,
Chaplain, FCI Ray Brook,

                 Defendants.
_____

APPEARANCES:                                OF COUNSEL:

DOUGLAS R. McCARROLL
Plaintiff, *pro se*
c/o Law Offices of Bruce Corrigan, Jr., Esq.
1853 Post Road East
Westport, CT 06880

HON. RICHARD S. HARTUNIAN            CHARLES E. ROBERTS, ESQ.
United States Attorney                       Assistant United States Attorney
   for the Northern District of New York
Attorney for Defendants
100 S. Clinton St.
Syracuse, NY 13261

HON. DAVID N. HURD
United States District Judge

## MEMORANDUM-DECISION and ORDER

**I. Introduction**

      Plaintiff Douglas R. McCarroll (McCarroll" or "plaintiff") filed a complaint asserting

claims arising under *Bivens v. Six Unknown Named Agents of the Federal Bureau of*

*Narcotics*, 403 U.S. 388 (1971), and the Religious Land Use and Institutionalized

Persons Act of 2000 ("RLUIPA"), 42 U.S.C. 2000cc *et seq*., together with an application

to proceed with this action *in forma pauperis*. He was confined at FCI Ray Brook at all times relevant to this action.[1]

By his *pro se* complaint, plaintiff claims that defendants Head Chaplain Pedersen and Chaplain Largent "conspired with other prison officials to deprive [plaintiff] the 1st Amendment right to practice his religion, the Native American religion, by refusing to give the plaintiff tobacco for his personal prayers in the plaintiff's personal prayer pipe." Dkt. No. 1 at 2. Plaintiff also claims that defendants "retaliated against the plaintiff by psychologically torturing him throughout June 30, 2006 to Dec 2008." *Id*. at 3. Plaintiff alleges that defendants "restricted [plaintiff] as to when and with whom the plaintiff could practice his religion and pray with." *Id*. Plaintiff seeks damages of $250,000 and a written apology from the defendants. *Id*. at 5.

---

[1] Plaintiff was transferred to FCI Ray Brook on April 18, 2006, and except for the period of June 4, 2008 through September 25, 2008 when plaintiff was assigned to a "residential reentry center," remained there until his release from prison on December 5, 2008.
This is the sixth action brought by plaintiff arising out of his confinement at FCI Ray Brook. Three of those actions sought relief from the requirement that he provide a blood sample in order to comply with the DNA Analysis Backlog Elimination Act of 2000, 42 U.S.C. § 14135a. In *McCarroll v. Lappin*, 9:08-CV-0324 (TJM/GHL), plaintiff sought habeas corpus relief barring prison officials from taking a blood sample. Finding that plaintiff's claims were not cognizable in a habeas corpus proceeding, and because plaintiff had also filed a *Bivens* action seeking relief from the DNA sampling requirement (*McCarroll v. Federal Bureau of Prisons*, 9:08-CV-0522 (TJM)), District Judge Thomas J. McAvoy dismissed the habeas proceeding by Order filed June 26, 2008. *See id.* at Dkt. No. 8. *McCarroll v. Federal Bureau of Prisons*, 9:08-CV-0522 was dismissed in September 2008, upon plaintiff's failure to comply with Judge McAvoy's direction that he submit a signed affidavit pursuant to Rule 11 of the Federal Rules of Civil Procedure in order to cure his failure to sign the complaint. *See id.* at Dkt. No. 6. On December 15, 2008, plaintiff filed a civil complaint in *McCarroll v. Federal Bureau of Prisons*, 9:08-CV-1343 (DNH/GHL), claiming that defendants violated his constitutional and statutory rights by taking a blood sample rather than hair or saliva for inclusion in the national DNA database. Defendants' motion to dismiss that complaint is pending. *See id.*, Dkt. No. 14. Plaintiff also filed *McCarroll v. Ryan*, 9:09-CV-0187 (NAM/DRH) asserting due process claims arising out of disciplinary proceedings which resulted in a recommended loss of good time. The action was dismissed on May 7, 2010, upon plaintiff's failure to file a waiver of his rights to challenge good time in order to proceed with his claims arising out of the conditions of his confinement. *Id*., Dkt. No. 32. Plaintiff's fifth action, *McCarroll v. Matteau*, 9:09-CV-0355 (NAM/GHL), was filed March 27, 2009. Plaintiff claims that defendant sexually assaulted him and retaliated against him for his activities as a "jailhouse lawyer." That action is also pending.

Presently before the Court is a motion filed on behalf of the defendants seeking dismissal of this action pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Dkt. No. 11. Defendants argue that the complaint fails to state a claim upon which relief may be granted "because it is so thin and devoid of meaningful factual content that it fails to allege any wrongdoing that is 'plausible,' as opposed to merely possible." Dkt. No. 11-1 at 4. Defendants also contend that the complaint is untimely and should be dismissed for that reason as well. *Id*. at 8-10. Dismissal of the complaint is also sought on the ground that defendants are entitled to qualified immunity. *Id*. at 10-14.

Plaintiff has not opposed defendants' motion.[2] Under this Court's Local Rules, a party's failure to respond to a properly filed motion can be construed as consent to the granting of that motion, and can provide a basis to grant the motion, so long as the Court determines that the moving party has met its burden of demonstrating entitlement to the relief requested. N.D.N.Y.L.R. 7.1(b)(3); *see McCall v. Pataki*, 232 F.3d 321, 322-23 (2d Cir. 2000) (affirming the dismissal of *pro se* complaint for failure to state a claim where motion was unopposed because "the sufficiency of a complaint is a matter of law that the court is capable of determining based on its own reading of the pleading and knowledge of the law").

Accordingly, the Court will address the merits of defendants' motion to dismiss.

---

[2] Plaintiff requested, and was granted, two extensions of the deadline for his response in opposition to defendants' motion. *See* Text Order issued 2/8/10 (resetting deadline to 4/9/10); Dkt. No. 14 (granting plaintiff a final extension to 5/14/10).

## II. Discussion

### A. Failure to State a Claim - Rule 12(b)(6)

"Generally, '[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.'" *Starr v. Sony BMG Music Entm't*, 592 F.3d 314, 321 (2d Cir. 2010) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). In order to state a claim upon which relief can be granted, a complaint must contain, *inter alia*, "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The requirement that a plaintiff "show" that he or she is entitled to relief means that a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is *plausible* on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 570) (emphasis added). "Determining whether a complaint states a plausible claim for relief . . . requires the . . . court to draw on its judicial experience and common sense . . . [W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not shown - that the pleader is entitled to relief." *Id.* at 1950 (internal citation and punctuation omitted). More specifically, the "[f]actual allegations must be enough to raise a right to relief above the speculative level [to a plausible level]," assuming (of course) that all the allegations in the complaint are true. *Twombly*, 550 U.S. at 555.

In considering a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), the Court must accept the allegations of the complaint as true, and draw all

reasonable inferences in favor of the nonmoving party.  *See Grandon v. Merrill Lynch & Co.*, 147 F.3d 184, 188 (2d Cir.1998); *Gant v. Wallingford Bd. of Educ.*, 69 F.3d 669, 673 (2d Cir.1995).  A *pro se* litigant's papers are to be construed liberally, especially when civil rights violations are alleged.  *See Sealed Plaintiff v. Sealed Defendant,* 537 F.3d 185, 191 (2d Cir. 2008).  However, "the tenet that a court must accept as true all of the allegations contained in the complaint is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Iqbal*, 129 S. Ct. at 1949.

### B.  Sufficiency of the *Bivens* claims

### 1.  *Bivens* actions generally

In *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), the United States Supreme Court "recognized for the first time an implied private action for damages against federal officers alleged to have violated a citizen's constitutional rights."  *Correctional Servs. Corp. v. Malesko*, 534 U.S. 61, 66 (2001).  A *Bivens* action, although not precisely parallel, "is the federal analog to suits brought against state officials" pursuant to 42 U.S.C. § 1983.  *Hartman v. Moore*, 547 U.S. 250, 254 n. 2 (2006).  The Second Circuit has stated that as a general rule, *Bivens* actions are "'not significantly dissimilar to claims brought under [§1983] in terms of the interests being protected, the relief which may be granted, and the defenses which may be asserted.'"  *Tavarez v. Reno,* 54 F.3d 109, 110 (2d Cir. 1995) (per curiam) (quoting *Chin v. Bowen,* 833 F.2d 21, 23 (2d Cir. 1987)).  Thus, "federal courts have typically incorporated § 1983 law into *Bivens* actions."  *Id.; see also Antoine v. Byers & Anderson, Inc.,* 508 U.S. 429, 433 n. 5 (1993) ("For purposes of immunity, we have not

distinguished actions brought under 42 U.S.C. § 1983 against state officials from *Bivens* actions brought against federal officials."). Thus, to the extent that the Court cites cases in this decision that refer to § 1983, the law is applicable to *Bivens* claims.

### 2. Unlawful restriction on practice of religion

The First Amendment guarantees the right to the free exercise of religion. *Cutter v. Wilkinson*, 544 U.S. 709, 719 (2005). "Prisoners have long been understood to retain some measure of the constitutional protection afforded by the First Amendment's Free Exercise Clause." *Ford v. McGinnis,* 352 F.3d 582, 588 (2d Cir. 2003) (citing *Pell v. Procunier*, 417 U.S. 817, 822 (1974)). This right "is not absolute or unbridled, and is subject to valid penological concerns, including those relating to institutional security." *Johnson v. Guiffere,* 04-CV-57, 04-CV-57, 2007 WL 3046703, at *4 (N.D.N.Y. Oct.17, 2007).

Read liberally and in a light most favorable to plaintiff, a *pro se* litigant, the complaint asserts a free exercise claim based upon restrictions imposed on inmate access to tobacco. Plaintiff alleges that tobacco is an integral part of his Native American worship, and states that his request that he be allowed unrestricted use of tobacco for his personal prayer pipe was denied. Dkt. No. 1 at 3.

The Second Circuit has held that "in *Bivens* actions, a plaintiff must allege that the individual defendant was personally involved in the constitutional violation." *Thomas v. Ashcroft,* 470 F.3d 491, 496 (2d Cir. 2006); *see Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994) (quoting *Moffitt v. Town of Brookfield*, 950 F.2d 880, 885 (2d Cir. 1991)) ("personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983.'"). As the Supreme Court stated in

*Iqbal*, "[b]ecause vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 129 S.Ct. at 1948.[3] Thus, in order to state a claim upon which relief may be granted, a plaintiff must allege "a tangible connection between the acts of a defendant and the injuries suffered." *Bass v. Jackson*, 790 F.2d 260, 263 (2d Cir. 1986).

Aside from naming Chaplains Pedersen and Largent as defendants and alleging in wholly conclusory terms that they violated his First Amendment rights, plaintiff has failed to plead **any** factual allegations whatsoever against the defendants. The only facts provided by plaintiff regarding the substance of his claim that restrictions imposed on his access to tobacco violated his First Amendment right to free exercise are contained in a Memorandum addressed to plaintiff by David E. Porter, Associate Warden of Programs at FCI Ray Brook. Dkt. No. 1 at 6 (the "Porter Memorandum").[4] The Porter Memorandum, dated June 30, 2006, was sent in response to plaintiff's request for "unrestricted access to tobacco for [his] personal pipe" and advised plaintiff that in accordance with applicable program statements issued by the Bureau of Prisons ("BOP"), "you cannot have your own tobacco in your personal property, nor can you be

---

[3] If a plaintiff seeks to bring a *Bivens* action against an individual acting in a supervisory capacity, liability on the part of that supervisor may be established on the basis of the defendant's: (1) actual direct participation in the constitutional violation; (2) failure to remedy a wrong after being informed through a report or appeal; (3) creation of a policy or custom that sanctioned conduct amounting to a constitutional violation, or allowing such a policy or custom to continue; (4) grossly negligent supervision of subordinates who committed a violation; or (5) failure to act on information indicating that unconstitutional acts were occurring. *See Hernandez v. Keane,* 341 F.3d 137, 145 (2d Cir. 2003).

[4] The Court may properly consider documents attached to the complaint, incorporated by reference into the complaint, or on which the complaint heavily relies, without converting a motion to dismiss into a motion for summary judgment. *See Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152-53 (2d Cir. 2002).

provided with tobacco, for your individual use in your personal prayer pipe, which has been purchased with appropriated funds." *Id*. The Porter Memorandum makes no mention of either defendant. *Id*.

Based upon the foregoing, the Court finds that the complaint as drafted fails to allege facts sufficient to state a claim for the violation of plaintiff's First Amendment rights against the named defendants, and hereby grants this aspect of defendants' motion to dismiss.

### 3. Conspiracy

In order to support a claim for conspiracy cognizable under *Bivens*, there must be: "(1) an agreement . . . ; (2) to act in concert to inflict an unconstitutional injury; and (3) an overt act done in furtherance of that goal causing damages." *Ciambriello v. County of Nassau,* 292 F.3d 307, 324-25 (2d Cir. 2002); *Cusamano v. Sobek,* 604 F. Supp.2d 416, 468 (N.D.N.Y. 2009). An agreement must be proven with specificity as bare allegations of a conspiracy supported only by allegations of conduct easily explained as individual action is insufficient. *See Iqbal v. Hasty,* 490 F.3d 143, 177 (2d Cir. 2007); *see also Gyadu v. Hartford Ins. Co.,* 197 F.3d 590, 591 (2d Cir. 1999). Thus, a plaintiff must "make an effort to provide some details of time and place and the alleged effects of the conspiracy," *Dwares v. City of New York,* 985 F2d 94, 100 (2d Cir. 1993), including facts to demonstrate that the defendants entered into an agreement, express or tacit, to achieve the unlawful end. Conclusory, vague, and general allegations are insufficient to support a conspiracy claim. *Ciambriello,* 292 F.3d at 325; *Dwares*, 985 F2d at 100.

Plaintiff claims that during the period of his confinement at FCI Ray Brook, defendants "conspired with other prison officials to deprive [plaintiff] the 1st Amendment right to practice his religion, the Native American religion, by refusing to give the plaintiff tobacco for his personal prayers in the plaintiff's personal prayer pipe." Dkt. No. 1 at 2. This claim is not supported by a single allegation of fact to specifically show (or even suggest) when, where, or how defendants came together and agreed to execute this policy. As noted above, plaintiff has not set forth a single allegation of fact regarding actions taken or determinations made by Chaplains Pedersen and Largent with respect to plaintiff's access to tobacco. Plaintiff has also failed to allege any "plausible" reason why defendants would be motivated to conspire against him. Plaintiff's wholly conclusory allegation that defendants conspired to violate his First Amendment rights fails to state a claim upon which relief may be granted. *See Mortimer Excell v. Fischer*, 08-CV-945, 2009 WL 3111711, *12 (N.D.N.Y. Sep. 24, 2009) (holding that a conspiracy claim cannot be based solely on the plaintiff's own beliefs and conjectures).

Based upon the foregoing, defendants' motion to dismiss plaintiff's conspiracy claim will be granted.

### 4. Retaliation

A plaintiff seeking relief pursuant to *Bivens* on a claim that defendants retaliated against him for the exercise of a constitutional right must show both that he engaged in constitutionally protected conduct, and that the conduct was a substantial motivating factor for "adverse action" taken against him by defendants. *Bennett v. Goord*, 343 F.3d 133, 137 (2d Cir. 2003) (citing *Gayle v. Gonyea*, 313 F.3d 677 (2d Cir. 2002);

*Hendricks v. Coughlin*, 114 F.3d 390 (2d Cir. 1997)).[5] Claims of retaliation are "easily fabricated," and thus, plaintiff must set forth non-conclusory allegations. *Id.* (citing *Dawes v. Walker*, 239 F.3d 489, 491 (2d Cir. 2001). Finally, even if plaintiff makes the required showing, defendants may avoid liability if they demonstrate that they would have taken the adverse action even in the absence of the protected conduct. *Bennett*, 343 F.3d at 137. Here, plaintiff alleges that defendants "retaliated against the plaintiff by psychologically torturing him throughout June 30, 2006 to Dec 2008." Dkt. No. 1 at 3.

Defendants seek dismissal of this claim, arguing that "[i]t is generous to describe this as conclusory." Dkt. No. 11-1 at 6. As defendants note, plaintiff does not identify the protected activity he engaged in which gave rise to the alleged retaliatory conduct, offers no explanation or description of any actions taken by defendants which he considers to have constituted "psychological torture," and provides no facts from which the Court could even infer that defendants might have had a retaliatory motive.

The Court finds that the complaint as drafted fails to state a claim for retaliation under *Bivens.* This aspect of defendants' motion to dismiss will be granted.

### 5. Remaining constitutional claims

The "Third Cause of Action" in the complaint seeks redress for "[v]iolation of Sixth Amendment right to represent self; 1st AM violation for retaliation for writing letter/grievences [sic]." Dkt. No. 1 at 4. In addition, at the conclusion of his statement

---

[5] The Second Circuit has defined "adverse action" in the prison context, as "retaliatory conduct 'that would deter a similarly situated individual of ordinary firmness from exercising . . . constitutional rights.'" *Gill v. Pidlypchak*, 389 F.3d 379, 381 (2d Cir. 2004) (quoting *Davis v. Goord*, 320 F.3d 346, 353 (2d Cir. 2003)) (omission in original). This objective test applies even if the plaintiff was not himself subjectively deterred from exercising his rights. *Id.*

of facts, plaintiff alleges that defendants "violated the plaintiff's 1st, 5th, 6th, and 9th Amendment rights." *Id*. at 3.

Although not addressed by defendants in their motion to dismiss, the Court has *sua sponte* reviewed these claims. In so doing the Court has read the complaint generously and has construed the allegations in the light most favorable to plaintiff. On the basis of that review, the Court finds that these claims are unsupported by any factual allegations whatsoever and are, therefore, subject to dismissal.

By way of illustration, plaintiff does not identify a single grievance filed at FCI Ray Brook. As to the request for access to tobacco which was addressed in the Porter Memorandum, there is nothing in the complaint which even suggests that plaintiff was subjected to adverse actions taken in retaliation for his having made that request. Plaintiff's claim that defendants violated his Fifth Amendment due process rights is wholly conclusory and unsupported by a single allegation of fact. To state a claim for denial of access to the courts in violation of the Sixth Amendment, a plaintiff must assert non-conclusory allegations demonstrating that the alleged act of deprivation actually interfered with his access to the courts or prejudiced an existing action. *See Lewis v. Casey*, 518 U.S. 343, 351-353 (1996). No such facts are alleged in the complaint. Similarly, any claim that defendants violated plaintiff's Ninth Amendment right to privacy is wholly unexplained and unsupported.

The mere mention of the First, Fifth, Sixth, and Ninth Amendments to the Constitution in the complaint, unsupported by a single factual allegation that either named defendant took actions which might have in any way impaired rights protected

by those Amendments, is patently insufficient to state one or more cognizable claims. These claims will be *sua sponte* dismissed.

### 6. **Timeliness of the *Bivens* claims**

The statute of limitations for constitutional tort claims arising under *Bivens* is derived from the applicable state limitations period for personal injury actions. *See Kronisch v. United States,* 150 F.3d 112, 123 (2d Cir. 1998); *Chin v. Bowen*, 833 F.2d 21, 23-24 (2d Cir. 1987). In New York, that limitations period is three years. New York CPLR § 214 (McKinney 1990).[6] Although state law supplies the statute of limitations for *Bivens* claims, federal law governs when the claims accrue. *Eagleston v. Guido*, 41 F.3d 865, 871 (2d Cir. 1994), *cert. denied*, 516 U.S. 808 (1995). Generally, a claim accrues "when the plaintiff knows or should know of the injury that is the basis of the cause of action." *Covington v. City of New York*, 916 F. Supp. 282, 285 (S.D.N.Y. 1996) (citing *Woods v. Candela*, 13 F.3d 574, 575 (2d Cir. 1994)). "Thus, in determining when the statute begins to run, the '"proper focus is on the time of the [wrongful] act, not the point at which the consequences of the act become painful."' *Covington*, 916 F. Supp. at 285 (citations omitted).

The method for computing time periods, including application of controlling statutes of limitations, in actions pending in federal court is governed by Rule 6(a) of the Federal Rules of Civil Procedure. *United States v. Hurst,* 322 F.3d 1256, 1260 (10th Cir. 2003); *see also Day v. Morgenthau,* 909 F.2d 75, 78 (2d Cir. 1990). Rule 6(a)

---

[6] As the Second Circuit recognized in *Abbas v. Dixon,* 480 F.3d 636, 642 (2d Cir. 2007), New York law recognizes the equitable tolling doctrine where a plaintiff demonstrates that he was induced by fraud, misrepresentations, or deception to refrain from timely commencing an action, and that the plaintiff acted with due diligence throughout the period to be tolled. *Id.*; *see also Walker v. Jastremski,* 430 F.3d 560, 564 (2d Cir. 2005). The plaintiff bears the burden of establishing equitable tolling. *Id.*

- 12 -

directs that when computing a time period stated in days or a longer unit, the first day of the period is excluded, but the last day is included unless falling on a Saturday, Sunday, a legal holiday. *See* Fed. R. Civ. P. 6(a)(1).[7] "Under [ Rule 6(a)(1) ], when a statute of limitations is measured in years, the last day for instituting the action is the anniversary date of the relevant act. The anniversary date is the 'last day to file even when the intervening period includes the extra leap year day'." *Hurst,* 322 F.3d at 1260 (citing *United States v. Marcello,* 212 F.3d 1005, 1010 (7th Cir. 2000)); *Day,* 909 F.2d at 79; *Williams v. Zuk*, 07-CV-789, 2009 WL 909520, *2 (N.D.N.Y. Apr. 3, 2009) (Hurd, D.J.).

Defendants seek dismissal of the complaint on the ground that it is barred by the statute of limitations. Dkt. No. 11-1 at 8-10. Defendants contend that plaintiff's "cause of action accrued on June 30, 2006," the date of the Porter Memorandum. *Id*. at 10. Defendants further claim that because the complaint was filed on July 1, 2009, three years and one day after the Porter Memorandum was issued, it is time-barred and must be dismissed. *Id*. at 9-10.

Upon review, the Court agrees that plaintiff's claim that the denial of access to tobacco for use in his personal prayer pipe violated his First Amendment rights and was not timely filed within the three-year limitations period for *Bivens* claims. It is clear from plaintiff's complaint that his request for tobacco for personal religious use was denied, at the latest, on June 30, 2006, when Associate Warden Porter issued his memorandum. Moreover, there is nothing in the complaint which even suggests that

---

[7] If the last day for filing is a day on which weather or other conditions make the Clerk's Office inaccessible, then the last day of the filing period is the first accessible day which is not a Saturday, Sunday, or legal holiday. *See* Fed. R. Civ. P. 6(a)(3). There is nothing in the record to suggest that weather conditions on June 30, 2009, made the Clerk's Office inaccessible to plaintiff.

plaintiff was not aware of the existence of his claim at that time. Since this action was commenced more than three years following accrual of the claim, albeit only one day late, and because the complaint as drafted affords no basis upon which to find equitable tolling or to otherwise overlook the untimeliness of the complaint,[8] the Court grants this aspect of defendants' motion to dismiss.

However, insofar as defendants seek dismissal of the entire complaint as time-barred, the Court finds that dismissal is not warranted. As noted, plaintiff claims that defendants conspired and retaliated against him throughout the period of June 2006, through December 2008. Dkt. No. 1 at 2-3. While these claims are subject to dismissal as insufficiently pleaded, defendants have not demonstrated that any claims which plaintiff might have based upon actions taken by them subsequent to June 30, 2006 are time-barred.

### C. Sufficiency of the Statutory Claim

Plaintiff alleges that defendants violated his rights under RLUIPA. Dkt. No. 1 at 4 ("Second Cause of Action"). Although not addressed by defendants in their motion to dismiss, the Court has considered the sufficiency of this claim, and for the reasons set forth below, will dismiss it.

RLUIPA provides that "[n]o government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution . . . unless the government demonstrates that imposition of the burden on that person (1) is in

---

[8] Plaintiff was not a prison inmate when he commenced this action, and thus, was not entitled to the benefit of the "prison mailbox rule." *See Jackson v. Broome County Corr. Facility*, 74 Fed. Appx. 150 (2d Cir. 2003). Under the "prison mailbox rule," the date of filing is deemed to be the date that the prisoner/plaintiff delivered his complaint to a prison guard for mailing to the court, which is presumed to be the date that the complaint was signed. *Houston v. Lack,* 487 U.S. 266, 276 (1988).

furtherance of a compelling governmental interest; and (2) is the least restrictive means of furthering that compelling governmental interest." 42 U.S.C. § 2000cc-1(a). RLUIPA provides for a private right of action authorizing a plaintiff to "obtain appropriate relief against a government." 42 U.S.C. § 2000cc-2(a)-(g).

However, RLUIPA applies only to the states, not to the federal government. Under § 2000cc-5(4), the term "government" is defined as (1) a State, county, municipality, or other government entity created under the authority of a State; (2) any branch, department, agency, instrumentality, or official of these entities; and (3) any other person acting under color of State law. 42 U.S.C. § 2000cc-5(4). The Second Circuit has held that "RLUIPA clearly does not create a cause of action against the federal government or its correctional facilities." *Ish Yerushalayim v. United States Dept. of Corr.*, 374 F.3d 89, 92 (2d Cir. 2004). Therefore, plaintiff's RLUIPA claim will be *sua sponte* dismissed with prejudice.

In light of plaintiff's *pro se* status, the Court has also considered whether the complaint states a claim for relief which is cognizable under the Religious Freedom Restoration Act, 42 U.S.C. §§ 2000bb et seq. ("RFRA"), and concludes that it does not.

RFRA prohibits the government from substantially burdening a person's exercise of religion, even if the burden results from a rule of general applicability, unless the government can demonstrate the burden: "(1) is in furtherance of a compelling governmental interest; and (2) is the least restrictive means of furthering that compelling governmental interest." 42 U.S.C. 2000bb-1.[9] In 1997, the Supreme Court invalidated

---

[9] RFRA was enacted in 1993 in response to the Supreme Court's decision in *Employment Div., Dept. of Human Res. v. Smith*, 494 U.S. 872 (1990). *Flores*, 521 U.S. at 512. In *Smith*, the Court held that the test articulated in *Sherbert v. Verner*, 374 U.S. 398 (1963) (that government actions that

- 15 -

RFRA as applied to the states, finding that Congress exceeded its remedial powers under the Fourteenth Amendment. *City of Boerne v. Flores*, 521 U.S. 507 (1997). However, RFRA remains good law as applied to federal actors. *Gonzales v. O Centro Espirita Beneficente Uniao do Vegetal*, 546 U.S. 418, 424 (2006); *Hankins v. Lyght*, 441 F.3d 96, 105-06 (2d Cir. 2006).[10]

In this case, even if construed as a claim under RFRA, the complaint as drafted fails to state a claim against Chaplains Pedersen and Largent because the complaint is devoid of allegations of fact demonstrating that they were personally involved in the refusal to provide plaintiff with tobacco for his personal religious use.[11]

THEREFORE, it is

ORDERED, that

1. Defendants' motion to dismiss plaintiff's complaint for failure to state a claim upon which relief may be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure (Dkt. No. 11) is GRANTED;

---

substantially burden a religious practice must be justified by a compelling government interest) is inapplicable where the infringement is the result of a facially neutral law.

[10] Congress established a general statute of limitations in 1990. Section 42 U.S.C. 1658(a) provides: "Except as otherwise provided by law, a civil action arising under an Act of Congress enacted after the date of the enactment of this section may not be commenced later than 4 years after the cause of action accrues." 28 U.S.C.A. § 1658(a). RFRA was enacted in 1993, and § 1658 therefore applies to claims arising under it. *See, e.g., Jama v. U.S. INS,* 343 F.Supp.2d 338, 365 (D.N.J. 2004) ( "RFRA has a statutory four-year statute of limitations.").

[11] In light of the insufficiency of plaintiff's claims, specifically plaintiff's failure to allege facts sufficient to demonstrate that either defendant was personally involved in the alleged constitutional violations, the Court declines to address the application of the doctrine of qualified immunity. Further, it is unnecessary to address defendants' alternative request for an award of summary judgment.

    2. The complaint is DISMISSED; and

    3. The Clerk shall serve a copy of this Memorandum-Decision and Order on the parties and enter judgment dismissing the action in its entirety.

    IT IS SO ORDERED.

Dated: September 20, 2010
       Utica, New York

_____
United States District Judge